# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00059-MR

| | |
|---|---|
| DAVID ANTHONY MANNO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary, North ) | |
| Carolina Department of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Respondent's Motion to Dismiss on Statute of Limitations Grounds filed on February 2, 2021. [Doc. 13]. Also before the Court is the Petitioner's Motion to Compel, filed on July 8, 2021. [Doc. 25].

## I. PROCEDURAL BACKGROUND

David Anthony Manno ("the Petitioner"), a prisoner of the state of North Carolina, was convicted in Cleveland County Superior Court on September 12, 2014 of one count of indecent liberties with a child, one count of rape of a child by an adult, and one count of sexual offense with a child by an adult. [Doc. 1 at 1]. The trial court sentenced the Petitioner to 300 to 369 months' imprisonment for the sexual offense with a child conviction, and a

consecutive term of 300 to 369 months' imprisonment for the rape and incest convictions. [Doc. 14 at 1-2]. Petitioner was sentenced to a concurrent term of 21 to 26 months' imprisonment for the indecent liberties conviction. [Id.]

The Petitioner filed a direct appeal and the North Carolina Court of Appeals partially affirmed the trial court's decision. [Doc. 1 at 2]. The appellate court held that the Petitioner received a trial free from prejudicial error but remanded the matter to the trial court for a determination regarding the Petitioner's prior record level and for resentencing as to the conviction for indecent liberties with a child. State v. Manno, 243 N.C. App. 828, 780 S.E.2d 599, 2015 WL 6703478, *10 (N.C. Ct. App. Nov. 3, 2015).

The trial court resentenced the Petitioner on December 2, 2015 to the same 21' months sentence for the indecent liberties conviction. [Doc. 14 at 3]. The North Carolina Court of Appeals affirmed the trial court's resentencing on October 18, 2016. State v. Manno, 250 N.C. App. 184, 791 S.E.2d 905, 2016 WL 6081409, *2 (N.C. Ct. App. Oct. 18, 2016). The Petitioner did not seek a petition for discretionary review from the North Carolina Supreme Court. [Doc. 14 at 3].

On August 25, 2019, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Cleveland County Superior Court, which was denied on September 17, 2019. [Doc. 1 at 3]. The Petitioner states that he tried to

2

Case 1:20-cv-00059-MR   Document 26   Filed 08/18/21   Page 2 of 12

appeal the denial order but because it was lost "between the mailroom and the Clerk of the Court of Appeals office" he "decided to move on to the next step."  [Doc. 1 at 5].

The Petitioner filed the present § 2254 habeas petition in this Court on February 19, 2020.  [Doc. 1].  The Petitioner raises the following claims: (1) credibility and character issues of alleged victim; (2) prosecutorial misconduct for leading witnesses; (3) credibility and character issues of investigator; (4) examining physician impermissibly vouched for victim; (5) court error as a result of requiring defense counsel to move on from pending question; (6) prosecutorial misconduct for irrelevant questioning of witness; and (7) improper calculation of pre-trial confinement credit.  [Doc. 1 at 5-18].

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), or alternatively, on grounds that the Petitioner failed to exhaust his administrative remedies.  [Doc. 13].  The Petitioner has submitted a Response to the Respondent's Motion to Dismiss [Doc. 23] along with a Motion to Compel [Doc. 25].  The pending motions are now ripe for review.

3

Case 1:20-cv-00059-MR    Document 26    Filed 08/18/21    Page 3 of 12

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

### A. Respondent's Motion to Dismiss

#### 1. Statute of Limitations

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). [Doc. 13].

The Petitioner's initial judgment and conviction was entered in the trial court on September 12, 2014. Following the appellate court's remand, the trial court resentenced the Petitioner on December 2, 2015. The Petitioner's direct appeal of the resentencing was affirmed on October 18, 2016. Because the Petitioner did not seek discretionary review by the North Carolina Supreme Court, his conviction became final on November 22, 2016, 35 days after issuance of the appellate opinion. See N.C. R.App. 14(a) and 15(b)(providing 15 days from issuance of appellate mandate in which to file notice of appeal and/or petition for discretionary review); N.C. R.App. 32(b)(clerk shall issue mandate 20 days after appellate opinion).

Once the Petitioner's conviction became final on November 22, 2016, he had one year in which to file his § 2254 habeas petition. However, the one-year limitation period may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2).

Although the Petitioner filed a MAR in state court seeking post-conviction relief, he did not do so until August 29, 2019—almost three years after his judgment and conviction became final. The Petitioner's post-conviction MAR did not toll the one-year limitations period for seeking § 2254 review because it was filed after the limitations period already expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(state post-conviction motion filed after expiration of the one-year statute of limitations does not render § 2254 motion timely). Therefore, the Petitioner's § 2254 petition filed in this Court on February 19, 2020 was well beyond the statute of limitations and subject to dismissal unless the Petitioner can show he is entitled to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling otherwise applies.

The Petitioner does not dispute that he untimely filed his § 2254 petition. In addressing the timeliness of his petition, the Petitioner claims that "[n]one of these issues were discovered until May 15, 2019 so it's all newly discovered evidence." [Doc. 1 at 13-14]. The Petitioner states that he "did not receive the record until around May of 2016" and did not acquire a North Carolina criminal law book "until around June of 2019 so [he] could find the issues properly." [Id.]. The Petitioner also asserts that the statute of limitations does not bar his § 2254 petition because of his actual innocence. [Doc. 6 at 3].

## 2. Newly Discovered Evidence

A claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The provision is triggered "not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have* . . . discovered' it." Sawyer v. Kiser, No. 1:16-cv-00040 (GBL/TCB), 2017 WL 631574, *4 (E.D. Va. Feb. 15, 2017)(emphasis original).

The Petitioner states that he did not receive the record until May 2016 and did not discover the facts supporting his habeas petition until May 15, 2019. He also claims that he did not acquire a North Carolina criminal law book until June 2019 so that he could locate the issues. However, this is not sufficient to constitute newly discovered evidence for purposes of tolling the statute of limitations. The Petitioner does not explain how or why he did not discover the relevant facts until May 15, 2019 after having received the record three years earlier. The fact that the Petitioner did not obtain a law book to assist with legal research of the issues is irrelevant to his claim of newly discovered evidence because the Petitioner could have discovered the relevant facts to support his claims much earlier through the exercise of

due diligence. Accordingly, the Petitioner fails to demonstrate that his § 2254 claims are based upon newly discovered evidence sufficient to toll the statute of limitations under § 2244(d)(1)(D).

### 3. Equitable Tolling/Actual Innocence

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling does not apply to excuse the untimely filing of the Petitioner's § 2254 petition. As set forth above, the Petitioner fails to show that his untimely filing was the result of newly discovered evidence and he cannot demonstrate that he diligently pursued his rights but was prevented from timely filing due to extraordinary circumstances. The fact that the Petitioner did not acquire a criminal law book until June 2019 in order to

locate the legal issues is not the type of extraordinary circumstances sufficient to warrant equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of the law does not warrant equitable tolling of statute of limitations).

The Petitioner claims that his actual innocence serves as grounds to equitably toll the statute of limitations. A petitioner may be relieved from the AEDPA's one-year statute of limitations on grounds of miscarriage of justice where the petitioner establishes and proves "actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 386-389, 133 S.Ct. 1924,185 L.Ed.2d 1019 (2013). In order to establish actual innocence, the petitioner must show that in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In support of an actual innocence claim the petitioner must present evidence of "factual innocence." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). This must be "new reliable evidence" that was not presented at trial, such as "exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence." Schlup v. Delo 513 U.S. at 324. However, actual innocence claims are extremely rare and should not

be granted casually.  See United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014); Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

In support of his actual innocence claim, the Petitioner relies on "Dr. Cerjan's testimony stating he has never seen a case like mine where the physical evidence does not match the crime" and that he "could not say that it (the crime) has happened because he did not know." [Doc. 6 at 3].  The Petitioner also claims that Detective Lee admitted in his trial testimony to improperly "vouching and coer[c]ing" witnesses and that the Respondent committed prosecutorial misconduct based upon its knowledge of Detective Lee's conduct.  [Doc. 23 at 1-2].

The Petitioner's assertions of actual innocence are conclusory, and he fails to make a sufficient demonstration of actual innocence to excuse the untimely filing of his § 2254 petition.  The Petitioner cites to no new reliable evidence that was not previously presented at trial.  Trial testimony from Dr. Cerjan and Detective Lee is not new evidence that would render it more likely than not that no reasonable juror would have convicted him.  In fact, it is evidence that was presented to the jury that did convict Petitioner.  Nothing cited by the Petitioner establishes his factual innocence.  As such, the Petitioner fails to establish the actual innocence required to equitably toll the AEDPA's one-year statute of limitations.

### 4. Exhaustion of Administrative Remedies

The Respondent moves in the alternative to dismiss the § 2254 petition on grounds that the Petitioner failed to exhaust his administrative remedies. [Doc. 13 at 17]. However, because the § 2254 petition is subject to dismissal as untimely filed as set forth above, it is not necessary to address the Respondent's exhaustion argument.

### B. Petitioner's Motion to Compel

The Petitioner moves the Court for an Order granting his request for habeas relief and releasing him from custody. [Doc. 25]. The Petitioner contends that the record is clear that his constitutional rights were violated. [Id.]. As set forth above, the § 2254 petition shall be dismissed as untimely and barred by the statute of limitations. The Petitioner is not entitled to the requested relief. As such, the Petitioner's motion to compel is denied.

### IV. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss is granted because the § 2254 petition is untimely and barred by the statute of limitations. The Petitioner fails to establish that he is entitled to statutory or equitably tolling of the AEDPA's one-year statute of limitations. Because the § 2254 petition is subject to dismissal and the Petitioner is not entitled to relief, the Petitioner's Motion to Compel is denied.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1). The Respondent's Motion to Dismiss on Statute of Limitations Grounds filed on February 2, 2021 [Doc. 13] is **GRANTED** and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely.

(2). The Petitioner's Motion to Compel [Doc. 25] is **DENIED**.

(3). The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: August 18, 2021

Martin Reidinger
Chief United States District Judge